In re THOM, INC., d/b/a Winters Inn, Debtor.

UNITED STATES of America, Plaintiff,

v.

THOM, INC., d/b/a Winters Inn, Defendant.

Bankruptcy No. 186–00258.

Adv. No. 88–1033.

United States Bankruptcy Court, D. Maine.

Feb. 1, 1989.

Lynn Spann Bowditch, Loyd, Bumgardner & Field, Brunswick, Me., for debtor.

Harlan J. Choate, Sp. Asst. U.S. Atty., Augusta, Me., for plaintiff.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Plaintiff seeks declaratory judgment under Title 28 U.S.C. § 2201. The Court finds for purposes of this case that an actual controversy exists between the parties and the Court has jurisdiction to hear

the matter. This is a core proceeding within the meaning of 28 U.S.C. § 157.

The issue presented in this case is whether the automatic stay, 11 U.S.C. § 362, operates to toll or suspend the running of the 90–day period of redemption after a judgment of foreclosure. The case is presented by plaintiff on a motion for summary judgment and the parties have submitted an agreed statement of facts.

It is undisputed by the parties that the United States of America, Small Business Administration ("the SBA") filed a complaint for judicial foreclosure under Me. Rev.Stat.Ann. Title 14, § 6322 (1964 & Supp.1988) in the United States District Court for the District of Maine on August 19, 1985. The subject matter of the foreclosure was real property consisting of land and buildings from which Thom, Inc. (debtor) operated a bed and breakfast under the name of Winters Inn. On April 11, 1986 that court granted the SBA summary judgment and issued its order of foreclosure and sale providing for a 90–day redemption period.

On July 8, 1986, two days before the expiration of the redemption period, debtor, defendant herein filed a voluntary petition for reorganization under Title 11 and an order for relief was entered on that date. The real property is virtually the only asset of the debtor and without that property debtor cannot reorganize.

The SBA cites Title 11 U.S.C. § 108(b) to persuade the Court that the entry of the order for relief extends the prefiling redemption period an additional 60 days and thereafter debtor has no other rights in the property. Debtor argues that Title 11 U.S. C. § 362(a) stays the running of the period of redemption until the stay is lifted as provided by 11 U.S.C. § 362(d) or until the stay is discontinued upon the occurrence of events as provided under § 362(c). Each party has cited numerous cases to support their respective positions. One of the cases cited is *Johnson v. First National Bank of Montevideo, Minn.*, 719 F.2d 270 (8th Cir. 1983). The Johnson court states:

> Courts which have considered the present question under § 362(a) and § 108(b) have been virtually unanimous in concluding that, upon the filing of a petition in bankruptcy by a debtor, one of the two sections operates to stay the expiration of a statutory redemption period. The courts are in sharp disagreement, however, as to which section is the fount of such authority, and as to the extent of the relief granted. One line of cases, anchored by *In Re Jenkins*, 19 B.R. 105 (D.C.D.Colo.1982), and *In Re Johnson*, 8 B.R. 371 (Bkrtcy.D.Minn. 1981), stands for the proposition that the automatic stay provisions of § 362(a) should be liberally construed to suspend the running of a statutory period of redemption. Other decisions, holding to the contrary with respect to § 362(a), have instead found that § 108(b) is the sole applicable statute, and that its automatic extension of a redemption period provides the only relief available.

*Id.* at 275. A close look at § 362 and § 108 will, however, dissuade the enlightened from any theory that these two code sections are either incompatible or that either section stays the expiration of a statutory exemption period.

First, § 362(a) provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301,302 or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> >
> > (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> >
> > (3) any act to obtain possession of property of the estate or of property from the estate' or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

This code section does not stay the running of any time period.

"Time and tide stayeth for no man." [1]

The effect of § 362 is to stay an entity from doing that which such entity has the power to do. An entity may be stayed from enforcing a judgment, from exercising control over property of the estate or property in possession of the estate, from enforcing liens on property of the estate, from acts to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case.

Second, § 108(b) provides:

Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

It is quite clear from § 108(b) that, where a party has a specified unexpired prefiling time period within which to act, the entry of an order for relief in a chapter 11 case extends that time period by 60 days.[2] This section does not stay the running of any time period but extends a time period. It is equally clear to this court that the automatic stay provision of § 362 cannot stay the judgment of foreclosure which was entered in the Federal District Court on April 11, 1986. Debtor's right of appeal on that judgment expired on June 10, 1986, 60 days after the entry of the judgment and 28 days prior to filing for relief in this Court.[3] The 90-day right of redemption provided by Maine law was extended to September 8, 1986 by the entry of an order for relief on July 8, 1986.[4] Debtor did not

---

**1.** Richard Brathwaite, *English Gentlemen,* p. 189, (1690).

**2.** Since the 60-day extension expired without any action by debtor it is unnecessary to decide whether the 60-day extension could have been further extended on timely motion to the Court.

**3.** Fed.R.App.P. 4, Appeal as of Right—When Taken
 (a) Appeals in Civil Cases
 (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after

the date of entry of the judgment or order appealed from; but if the United States or an office or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry. If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.

**4.** The last day of the § 108(b) 60-day extension would have lapsed on Saturday, September 6, 1986, therefore, the extension continued until

redeem within the statutory period as extended by § 108(b).

Debtor is still in possession of the subject premises. The stay provided by § 362 remains in full force and effect and does not terminate automatically at the expiration of the period of redemption. Section 362(a)(2) operates as a stay, applicable to all entities, of—"the enforcement against the debtor ... *of a judgment obtained before the commencement of the case* under this title;" and Section 362(a)(3) operates as a stay applicable to all entities of—"any act to obtain possession of property of the estate *or of property from the estate* ..." (emphasis added). The complaint for declaratory relief filed by SBA does not properly raise the issue of whether debtor has any remaining property rights or whether the SBA is entitled to relief from stay under 11 U.S.C. § 362(d). Those issues await the filing of further pleadings.

An appropriate order shall issue.

Monday, September 8, 1986 pursuant to Bankruptcy Rule 9006(a).