**Frank SIMON, II, Plaintiff, Appellee,**

v.

**Gershon NAVON, Defendant, Appellant.**

No. 96–2314.

United States Court of Appeals,
First Circuit.

Heard May 8, 1997.

Decided June 2, 1997.

James D. Poliquin, Portland, ME, for defendant, appellant.

Philip P. Mancini, Rockport, ME, for plaintiff, appellee.

Before SELYA, Circuit Judge, COFFIN and BOWNES, Senior Circuit Judges.

COFFIN, Senior Circuit Judge.

This appeal is a sequel to *Simon v. Navon,* 71 F.3d 9 (1st Cir.1995), in which we affirmed a May 19, 1994 judgment for plaintiff Simon against Jonathan and Gershon Navon on a breach of contract action, reversed a judgment on an abuse of process claim, and vacated and remanded a defamation claim. After the case was returned to the district court, both Navons then being debtors in

bankruptcy proceedings, further action was suspended until the bankruptcy cases were terminated, Jonathan's by a discharge in April and Gershon's by dismissal in June of 1996.

Subsequently, defendant Gershon Navon, on the basis of newly acquired information, on September 6, 1996, filed a motion for relief from the breach of contract judgment under Fed.R.Civ.P. 60(b)(3) and (6),[1] claiming that Simon had given false testimony at trial and had withheld documents during discovery.

The district court, without granting further discovery or hearing, denied the motion for relief, ruling as follows:

1. Defendant's motion is untimely in that it was not filed within one year following judgment of this case, in accordance with Rule 60(b)(3).

2. Even if timely filed, the defendant has failed to make out a showing of fraud, in accordance with Rule 60(b)(6).

We are confronted with three questions. The first is whether the court erred in ruling that the 60(b)(3) motion was untimely filed, i.e., after the expiration of the maximum period of one year. More precisely, we must consider the implicit ruling that the pendency of bankruptcy proceedings did not toll the running of the one year period. The second question is whether the court erred in ruling that appellant failed to demonstrate a 60(b)(6) claim for "any other reason justifying relief," a claim not subject to a specific limitations period. And finally, we address the subset of 60(b)(6), the denial of a claim asserting fraud upon the court.

■ These questions turn out to raise purely legal issues, as to which our standard of review is plenary. We take the facts "as the moving party alleges, to see whether those facts, if proven, would warrant relief." *Teamsters, Chauffeurs Local No. 59 v. Su-*

---

1. In relevant part, Rules 60(b)(3) and (6) state:

    On motion ... the court may relieve a party ... from a final judgment ... for the following reasons: ... (3) fraud ..., misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion

    shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment ... or to set aside a judgment for fraud upon the court.

*perline Transportation Co.,* 953 F.2d 17, 18 (1st Cir.1992) (citing *United States v. Baus,* 834 F.2d 1114, 1121 (1st Cir.1987)). We conclude that the district court did not err.

## I. Timeliness of the Rule 60(b)(3) Filing

The motion for relief was filed on September 6, 1996, some two years, three and a half months after the amended judgment of May 19, 1994. This, of course, exceeded the maximum period of one year allowed by the rule for (b)(3) claims.

■ Appellant devotes one paragraph of his brief to the argument that the one year period does not begin to run from the entry of judgment following trial, but rather from November 27, 1995, the date of our decision in the prior appeal. This is so, he asserts, because we "substantially altered" the earlier judgment, and he cites as support 11 Charles Alan Wright & Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure,* § 2866, at 390–91 (2d ed.1995). But the breach of contract ruling, the only judgment placed in issue by the motion for relief, was not altered in any way. As the Supreme Court stated in a similar context:

> The test is a practical one. The question is whether the . . . court . . . has disturbed or revised legal rights and obligations which, by [the] prior judgment, had been plainly and properly settled with finality.

*FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 212, 73 S.Ct. 245, 249, 97 L.Ed. 245 (1952) (timeliness of petition for certiorari). The situation here is legally indistinguishable from that in *Transit Casualty Co. v. Security Trust Co.,* 441 F.2d 788, 790–91 (5th Cir.1971), where an amended judgment merely changed a dismissal from "with prejudice" to "without prejudice," and the court noted that in the suit at issue, "plaintiffs stood in the exact position as they did [after the original order]." *See also Gegenheimer v. Galan,* 920 F.2d 307, 309–310 (5th Cir.1991). This argument is therefore unavailing.

Appellant's more labored argument focuses on the effect of bankruptcy proceedings in extending time limits in non-bankruptcy cases involving the bankruptcy debtor. An involuntary petition in bankruptcy was filed against Gershon Navon on May 14, 1994, and was dismissed on June 11, 1996. Appellant makes a two-step argument. He first invokes 11 U.S.C. § 108(c) of the Bankruptcy Code, which states in part:

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action . . . on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> > (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> >
> > (2) 30 days after notice of the termination or expiration of the stay under section 362 . . .

This section is applicable, appellant argues, because his motion for relief sought to continue the civil action on a claim originally filed against the debtor. Then, relying on subsection (1), he assumes, without citation of authority, that the "suspension of such period" was triggered by the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a)(1), which states:

> [A bankruptcy petition] . . . operates as a stay . . . of . . . the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor. . . .

Appellee counters with three arguments. He first urges that, given the passage of 27 months from the date of final judgment, the district court did not abuse its discretion. He next argues that the automatic stay of § 362 is inapplicable when a debtor in possession undertakes affirmative action for his own benefit, citing *Autoskill, Inc. v. National Educ. Support Systems,* 994 F.2d 1476 (10th Cir.1993). Finally, he asserts that 11 U.S.C. § 108(c) is inapplicable to actions brought by the debtor. Instead, he invokes § 108(a), concerning the commencement of actions by debtors, which in his view would impose an outside limit of two years from the May 1994 judgment.

■ All of appellee's arguments misfire. To begin, the issue being purely legal, abuse

of discretion is not the appropriate standard of review. Secondly, the fact that it was the debtor, rather than a creditor, who took this particular step of filing a motion, does not alter the fact that it constitutes a "continuation" of an "action or proceeding against the debtor" within the terms of § 362. The Ninth Circuit, in *Parker v. Bain*, 68 F.3d 1131, 1135–36 (9th Cir.1995), dealt with the applicability of § 362 to an appeal by a debtor, raising the same issue. It said that it did not need to "spill a great deal of ink" on the assertion "that an appeal *by* the debtor cannot constitute the continuation of an action *against* the debtor." It observed that seven other circuits had rejected that rationale. We now make the number nine.

*Parker v. Bain* also noted *Autoskill, see* 68 F.3d at 1136 n. 8, which had held that Bankruptcy Rule 6009, allowing a debtor in possession "[w]ith or without court approval" to "prosecute any action or proceeding in behalf of the estate," obviated any need to obtain leave of court or release of stay before bringing an appeal. 994 F.2d at 1486. The *Parker* court was crystal clear that "Rule 6009 does not trump the code's automatic stay." It relied on the analysis of Rule 6009's history and purpose by the Bankruptcy Court in *In re Capgro Leasing Assocs.*, 169 B.R. 305, 309–313 (Bankr.E.D.N.Y.1994), which held that a debtor in possession may not proceed with an appeal of an action brought against him "absent an order granting relief from the automatic stay," *id.* at 313. The Bankruptcy Court concluded that, while Rule 6009 means that a trustee (or debtor in possession) is no longer required to have the approval of the bankruptcy judge before deciding to commence or defend an action on behalf of the estate, the bankruptcy judge retains power under section 362 "to decide when to let such action go forward." *Id.* The Ninth Circuit therefore parted company from *Autoskill*, and so do we.[2]

As for the applicability of § 108(a), our short answer is that by its terms it refers only to periods within which a debtor may "commence an action"; here, the action is one that was commenced against the debtor.

■ But while appellee has not come close to the target, appellant's thrusts have also fallen short. As we have noted, he has assumed that the mere existence of an automatic stay under § 362 triggers the "suspension" referred to in § 108(c). This may be a common sense reading, but it is not the law. *Collier Bankruptcy Manual* sets forth the vital caveat to "such suspension":

Such a suspension may result from either state or federal law. . . .

. . . In some jurisdictions state law may dictate suspension of a statute of limitations when a bankruptcy or another court proceeding has stayed the initiation of an action. Such suspension would presumably be included within the terms of section 108(c), adding the entire duration of the automatic stay to the applicable time period. [Footnote omitted.]

However, absent such a provision in state law, a statute of limitations or other deadline for an action against a debtor . . . is extended for only the second period set forth in section 108(c), 30 days after notice of the termination or expiration of the automatic stay. . . .

Lawrence P. King, ed., 1 *Collier Bankruptcy Manual*, ¶ 108.04 at 108–14, 15 (3d ed.1996).

This interpretation also accords with the contemporaneous analysis of the section in the House Report accompanying the 1977 Bankruptcy Code revision. After stating that subsection (c) of § 108 extends the statute of limitations for creditors (which, as we have pointed out, it also does for debtors in possession), the report states:

[I]f a creditor is stayed from commencing or continuing an action against the debtor because of the bankruptcy case, then the creditor is permitted an additional 30 days after notice of the event by which the stay is terminated, whether that event be relief from the automatic stay . . ., [or]the clos-

---

2. Indeed, the court in *Capgro* noted that eight of the twelve circuits at that time had held that the automatic stay prevents a debtor from appealing the decision of a non-bankruptcy forum, where that action was originally commenced against the debtor. 169 B.R. at 310.

ing of the bankruptcy case (which terminates the stay). . . .

H.R.Rep. No. 95–595, at 318 (1977).

The only Maine statute we have found that bears on this issue is Me.Rev.Stat. Ann. tit. 14, § 5803, which mandates continuance of actions for recovery of a debt provable in bankruptcy during bankruptcy proceedings, but only "on petition of . . . creditors before or after the commencement of the action." This is of no avail to appellant.

We have, however, conclusive evidence of the absence of any suspension-extending provision of Maine law in a recent decision of the Maine Supreme Judicial Court, *Duprey v. Eagle Lake Water & Sewer Dist.,* 615 A.2d 600, 603–604 (Me.1992). In that case, the court made known its views as to the meaning of the identical "any suspension" language of 11 U.S.C. § 108(b). It chose to adopt the reasoning of the Bankruptcy Court for the District of Maine that § 362 "does not stay the running of any time period," but only prevents an entity from exercising a power, such as enforcing a judgment. *In re Thom,* 95 B.R. 261, 262–63 (Bankr.D.Me. 1989).

■ The motion for relief having been filed more than 30 days after notice of the termination of bankruptcy proceedings,[3] and there having been no suspension of the one year period of limitations, we hold that the district court did not err in declaring it untimely.

## II. Viability of the Rule 60(b)(6) Claim

■ Appellant faces formidable hurdles in pursuing a 60(b)(6) claim. There must exist "exceptional" circumstances that justify "extraordinary" relief. *Valley Citizens for a Safe Environment v. Aldridge,* 969 F.2d 1315, 1317 (1st Cir.1992).

We begin by accepting for purposes of our legal analysis appellant's summary, in his reply brief, of his motion for relief, which he contends describes both "exceptional circumstances" and a "fraud upon the court":

For the purposes of this appeal, Simon has acknowledged that he deceived not only Gershon Navon, but also the judicial system, including both the bankruptcy court and the federal district court, with respect to the nature and extent of his interest in ACI's claim against Maine Coast. Simon not only consciously failed to reveal to Gershon Navon [a fellow stockholder in Maine Coast], the creditors of Maine Coast, the Trustee in the Maine Coast bankruptcy and the Bankruptcy Court that he held 100% of the interest in ACI's claim against Maine Coast while professing at all times that his interest was indirect and negligible. He even testified at the trial that ACI was still owed considerable sums of money, when he previously had paid to ACI the amount owed to the penny and took an assignment of ACI's claim. No wonder Simon always took the position Maine Coast had no defense or offset to ACI's claim.

■ Appellant's first hurdle is the rule of mutual exclusivity, that is, that a motion under Rule 60(b)(6) "is only appropriate when none of the first five subsections pertain," *Cotto v. United States,* 993 F.2d 274, 278 (1st Cir.1993); *see also Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863 & n. 11, 108 S.Ct. 2194, 2204 & n. 11, 100 L.Ed.2d 855 (1988); Wright & Miller, Kane, *supra,* § 2864 at 357. One rationale of this rule is obvious and relevant here: were Rule 60(b)(6) to allow a second out-of-time bite at the same apple, the stringent, finality-enforcing limitation period of 60(b)(1)-(3) would be eviscerated. This rule, however, does have a small escape hatch, in the event of "extraordinary circumstances." *Ackermann v. United States,* 340 U.S. 193, 197–202, 71 S.Ct. 209, 211–14, 95 L.Ed. 207 (1950); *Cotto,* 993 F.2d at 278; Wright & Miller, Kane, *supra,* § 2864 at 365.

Here, however, nothing which could fall under that rubric has been suggested. The 60(b)(6) claim is one solely for deceit and fraud on the part of one party toward another, with nothing to distinguish it from a timely 60(b)(3) claim except that it was filed some two months beyond the 30 days after the termination of bankruptcy proceedings allowed by § 108(c).

---

**3.** We discuss *infra* at page 5 our assumption of notice.

**6**

The circumstances of this delay demonstrate rather forcefully the absence of any special justification. Commendably, appellant's counsel has candidly acknowledged by affidavit that he first learned in December 1995 of leads to information that Simon had misled defendants, and that over the next couple of months he received documents and information supportive of a motion for relief from judgment. His reasons for not filing such a motion earlier were that (1) he anticipated that more information would be forthcoming, and thought it "prudent to collect as much information as possible before filing"; (2) that he considered that all activity in the case was stayed by the bankruptcy proceedings of the two Navons; and (3) that he had no notice of the dismissal of his client's bankruptcy proceedings until late July or early August when he was orally informed by counsel for Simon.

On this state of the record, we must assume that appellant received notice of the dismissal of his involuntary bankruptcy case. Bankruptcy Rule 2002(f) requires that the clerk of the bankruptcy court "or some other person as the Court may direct, shall give the debtor ... notice by mail of ... (2) dismissal of the case...." There is no suggestion that this was not done.

In effect, appellant asks us to allow a tardy 60(b)(3) motion to parade under the raiment of 60(b)(6), where the reasons for the tardiness lay in counsel's strategic preference and mistaken legal assumption concerning the effect of an automatic stay, and the failure of communication between client and counsel. These are not the kind of "extraordinary circumstances" justifying departure from the normal maximum limitations period required by Rule 60(b)(3).

### III. Fraud Upon the Court

Rule 60(b), after delineating the six bases of a motion, goes on to state that the power of a court to set aside a judgment for fraud upon the court is not limited by the rule. It is an explicit recognition of the traditional inherent power of a court to protect its own essential functioning and integrity. It is, however, a power rarely to be used.

We recently had occasion to review the scope of "fraud upon the court" in connection with the parallel provision of the rule allowing a court to entertain an independent action to relieve a party from a judgment for fraud upon the court. *Geo. P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 46–49 (1st Cir.1995). In that opinion, we noted the effect of *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), *overruled on other grounds, Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976), in expanding the range of fraud not subject to the one-year limitation to "include fraud committed by 'officers of the court.'" *Id.* at 47–48. We also characterized our concept of fraud upon the court in *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir.1989), as consisting of an " 'unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter' involving an officer of the court." *Reintjes*, 71 F.3d at 48 n. 5. We noted a sharp demarcation, saying, "In sum, perjury alone, absent allegation of involvement by an officer of the court ... has never been sufficient." *Id.* at 49.

In the case at bar, nothing has been suggested or even insinuated that takes this case beyond allegations of garden variety deceit and fraud by a party. As a matter of law, appellant's allegations do not rise to the level of a Rule 60(b)(6) claim or to fraud upon the court. The district court did not err in denying the motion for relief.

*Affirmed.*