**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-1747

RUBLE HECK-DANCE,

Plaintiff, Appellant,

v.

JOSE F. CARDONA-JIMENEZ,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Ruble L. Heck on brief pro se.
Jose O. Ramos Gonzalez and Ramos Gonzalez & Toyos Olascoaga on brief for appellee.

---

June 15, 2004

---

**PER CURIAM**.  Pro se plaintiff-appellant Ruble Heck-Dance ("Heck") appeals the grant of summary judgment in favor of defendant-appellee Jose F. Cardona-Jimenez ("Cardona").  We review the grant of summary judgment de novo, examining the record independently and drawing any factual inferences in the light most favorable to the non-movant.  Gu v. Boston Police Dep't, 312 F.3d 6, 10 (1st Cir. 2002).  After carefully reviewing the parties' briefs and the record, we affirm the grant of summary judgment substantially for the reasons stated in the district court's opinion and order entered on February 5, 2003.  We add only the following comments.

We agree with Heck that diversity of citizenship appears to be lacking in this case, and that the lower court's characterization of this case as a diversity action appears to have been in error.  We are satisfied, however, that the district court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) because Heck's legal malpractice claim is based on the defendant attorney's handling of Heck's bankruptcy case. Grausz v. Englander, 321 F.3d 467, 471-72 (4th Cir. 2003) (holding that debtors' legal malpractice claim was a claim "arising in" Title 11 for purposes of federal jurisdiction since the proceeding would have no practical existence but for the bankruptcy).

Heck's other claimed errors lack merit.  First, the district court did not err in applying Puerto Rico's one-year

-2-

statute of limitations for tort actions to Heck's legal malpractice case. <u>Colon Prieto</u> v. <u>Geigel</u>, 115 D.P.R. 232, 236 & n.4, 115 P.R. Offic. Trans. 313, 318 & n.4 (1984). Further, the district court did not err in ruling that Heck's legal malpractice case was time-barred. We agree with the lower court that Heck's June 19, 2000 article in the San Juan Star demonstrated Heck's awareness of his legal malpractice claim against Cardona, and that his malpractice action - filed at the earliest on July 18, 2001 in bankruptcy court - was untimely.

Heck's attempt to toll the statute of limitations by invoking various bankruptcy laws is to no avail. First, Heck cannot rely on the automatic stay provision in 11 U.S.C. § 362(a) because it applies only to actions "against" the debtor. Heck's reliance on <u>Simon</u> v. <u>Navon</u>, 116 F.3d 1 (1st Cir. 1997), is misplaced. In that case, we held that section 362 stays appellate proceedings in actions originally brought "against" the debtor, even when it is the debtor who files the appeal. <u>Simon</u>, 116 F.3d at 4. Second, Heck was not entitled to an extension of time to file his malpractice action pursuant to 11 U.S.C. § 108(a). By its terms section 108(a) applies only to extend time for actions which the debtor had on the date of filing the bankruptcy petition. <u>See</u> 11 U.S.C. § 108(a) ("If applicable law . . . fixes a period within which the debtor may commence an action, *and such period has not expired before the date of the filing of the petition . . .*")

(emphasis added). In this action, Heck claims that Cardona mishandled his bankruptcy case. Obviously, the claim arose post-petition. Therefore, section 108(a) is inapplicable. Matter of Phillip, 948 F.2d 985, 987 (5th Cir. 1991) (noting that causes of action acquired post-petition are not protected by section 108). Finally, even assuming that Heck could not bring this action until the bankruptcy trustee abandoned the claim, Heck does not assert that he sought to have the trustee abandon the claim prior to the running of the limitations period. In re Price, 173 B.R. 434, 443 (Bankr. N.D. Ga. 1994) (noting that, to extent timing is important, debtor may move for order requiring trustee to abandon claim). Thus, there is no basis to toll the limitations period.

The judgment of the district court is affirmed. See 1st Cir. R. 27(c).