Crispulo LOPEZ–FLORES, Plaintiff

v.

Frances Ivette CRUZ–SANTIAGO, Lucia V. Martinez, Nereida Rivera Navarro, Defendant(s).

Civil No. 06–2068(JAG).

United States District Court,
D. Puerto Rico.

Oct. 15, 2007.

Crispulo Lopez–Flores, Detroit, MI, pro se.

Kristine Burgos–Santiago, San Juan, PR, for Defendant.

Nereida Rivera–Navarro, Caguas, PR, pro se.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is the Motion to Dismiss filed by Frances Ivette Cruz–Santiago, Lucia V. Martinez, Nereida Rivera Navarro ("Defendants") on April 18, 2007. (Docket No. 15). For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Crispulo Lopez–Flores ("Plaintiff"), a resident of Detroit, Michigan, hired Defendants to represent him in a civil case before the Puerto Rico State Court. On March 1, 2005, during the final stages of the State civil suit, Defendants filed a motion where they sought to be withdrawn from the legal representation of said case. On March 14, 2005, the State Court granted Defendants' request for withdrawal. On November 27, 2006, Plaintiff filed the present cause of action alleging a legal malpractice claim against Defendants. Plaintiff seeks compensatory damages in the amount of $75,000 per defendant for the alleged emotional and economical damages caused by Defendants' decision to withdraw as Plaintiff's legal representation during the civil action before the State Court. (Docket No. 1).

On April 18, 2007, Defendants filed a Motion to Dismiss alleging that Plaintiff's claim is time barred. (Docket No. 15). On June 11, 2007, Plaintiff opposed Defendants' Motion to Dismiss. Plaintiff contends that his claim is not limited by a statute of limitations. (Docket No. 17). On July 2, 2007, Defendants filed a motion contending that their Motion to Dismiss should be deemed as unopposed. (Docket No. 20).

## STANDARD OF REVIEW

### A. Motion to Dismiss Standard.

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will

support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

Defendants' contend that Plaintiff's claim is time barred. To that end, Defendants posit: (1) that the applicable statute of limitations is one year, and (2) that more than one year has passed since the facts that give rise to the instant complaint and the filing of said complaint.

█ This suit's jurisdiction hinges on diversity and, therefore, is governed by the law of Puerto Rico. *Arturet–Velez v. R.J. Reynolds Tobacco Co.,* 429 F.3d 10, 12 (1st Cir.2005). Here, the appropriate statute of limitations is Puerto Rico's one-year period governing tort actions. 31 P.R. Laws Ann. § 5298(2); *see also Id.*; *Heck–Dance v. Cardona–Jimenez,* 102 Fed. Appx. 171, 172 (1st Cir.2004)(The Circuit Court held that this Court did not err in applying Puerto Rico's one-year statute of limitations for tort actions to a legal malpractice case.).

██ Puerto Rico, like many other jurisdictions, tolls the running of the statute until the claimant is on notice of her claim that is, notice of the injury, plus knowledge of the person who caused it. *Arturet–Velez,* 429 F.3d at 14; *Rodriguez–Suris v. Montesinos,* 123 F.3d 10, 13 (1st Cir.1997); *Santiago v. Becton Dickinson & Co., S. A.,* 539 F.Supp. 1149 (D.P.R.1982)(The one year statute of limitation accrues upon the victim's knowledge of the injury). This does not require actual knowledge; it is enough that the would-be plaintiff had notice that would have led a reasonable person to investigate and so uncover the needed information. *Arturet–Velez,* 429 F.3d at 14; *Rodriguez–Suris,* 123 F.3d at 14–17; *Villarini–Garcia v. Hospital Del Maestro, Inc.,* 8 F.3d 81, 84 (1st Cir.1993).

█ Notice of an injury occurs when there "exist some outward or physical signs through which the aggrieved party may become aware and realize that she has suffered an injurious aftereffect." *Espada v. Lugo,* 312 F.3d 1, 3 (1st Cir.2002). "Not only must the aggrieved person know that she has been injured; she must know who is the author of the injury in order to address the action against him, so she may know who to sue." *Id.* (quoting *Colon Prieto v. Geigel,* 115 D.P.R. 232 (1984)).

█ Plaintiff alleges that the cause of his damages was Defendants' decision to withdraw during the final stages of the State Court civil suit. Consequently, the statute of limitations in this case began to accrue when Plaintiff had notice and knowledge of Defendants' resignation. As such, the statute of limitation for this case began to accrue on March 14, 2005, the date in which the State Court granted Defendants' Motion to Withdraw.

Since Plaintiff had notice and knowledge of the injury on March 14, 2005, he had until March 14, 2006 to file a complaint. Instead, Plaintiff filed the present complaint on November 27, 2006, one year and eight months after he had notice and knowledge of the damages suffered. As a result, Plaintiff's claim is time barred.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Dismiss. The compensatory damage claims brought forth by Crispulo Lopez–Flores is dismissed with prejudice.

IT IS SO ORDERED.