920 F.2d 307
 18 Fed.R.Serv.3d 761
 Larry GEGENHEIMER and Sheila Gegenheimer, Plaintiffs-Appellees,
v.
Raoul A. "Skip" GALAN, Jr., et al., Defendants,
Jon Gegenheimer, Clerk of Court for the 24th Judicial
District Court for the State of Louisiana,
Defendant-Appellant.
 No. 90-3109.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 9, 1991.
 
 Kenneth C. Fonte, Golden & Fonte, Metairie, La., for defendant-appellant.
 Julian R. Murray, Jr., Murray, Braden, Gonzalez & Richardson, New Orleans, La., for plaintiffs-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RUBIN, SMITH, and BARKSDALE, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 In Louisiana, the Clerk of Court is elected pursuant to specific constitutional and statutory provisions. A successor clerk of court appeals the judgment of the district court holding his predecessor liable under 42 U.S.C. Sec. 1983 for an intentional tort committed not merely in his individual but in his "official capacity." Concluding that the liability is that of the office, we affirm the judgment imposing liability upon the successor in his official capacity.
 
 
 2
 * Larry and Sheila Gegenheimer were deputy clerks in the office of the Clerk of Court for Jefferson Parish, Louisiana, then held by Raoul A. "Skip" Galan, Jr. In January, 1987, Larry's brother, Jon, announced his candidacy for the office of clerk. Galan summoned Larry to his office and told Larry to use his influence to dissuade Jon from running. Larry refused. The next day, two of Galan's subordinates, the chief deputy and the personnel director, fired the Gegenheimers. Subsequently, the chief deputy telephoned Larry and told him that Galan would rehire both him and his wife if they did not sue Galan or otherwise make public the reason they were fired. Again, Larry refused.
 
 
 3
 The Gegenheimers brought this suit under 42 U.S.C. Sec. 1983, alleging that Galan, in both his personal and official capacities, and his two subordinates had conspired to discharge them in violation of their constitutional rights under the first and fourteenth amendments to the United States Constitution. A jury found Galan and one of his subordinates liable, and awarded the Gegenheimers back pay, damages for emotional and mental distress, and punitive damages. Through the inadvertence of plaintiffs' counsel, however, the judgment originally entered by the district court failed to impose liability against Galan in his official capacity.
 
 
 4
 Galan appealed to this court in both his personal and official capacities. His personal-capacity appeal was dismissed when he failed to file a brief. While the official-capacity appeal was pending, Jon Gegenheimer, who had been elected Galan's successor, was substituted as defendant for Galan in his official capacity,[1] and continued to prosecute the appeal.
 
 
 5
 This court refused to pass on the merits of the appeal because there was no judgment against Galan in his official capacity; Gegenheimer, Galan's successor Clerk (the Clerk), had nothing to appeal. Rather than dismiss the appeal, however, we remanded to the district court "to permit counsel to file with that court an appropriate motion to amend the judgment."[2] On remand, the district court amended the judgment to assess damages against Galan "both in his personal capacity and in his official capacity as Clerk of Court."[3]
 
 II
 
 6
 The Clerk argues first that the Gegenheimers' motion to amend the judgment was untimely. On remand, the Clerk asked the district court to treat the Gegenheimers' motion to amend the judgment as one for relief under Federal Rule of Civil Procedure 60(b)(1).[4] The district court did so, and the Gegenheimers did not object. That rule provides, however, that motions brought under Rule 60(b)(1) "shall be made ... not more than one year after the judgment ... was entered or taken." Because the Gegenheimers' motion was brought on October 17, 1989, more than a year after the original judgment was entered on June 29, 1988, the Clerk argues that the motion was time-barred, and that the district court erred in granting the motion and amending the judgment.
 
 
 7
 "[A]n inferior court has no power or authority to deviate from the mandate issued by an appellate court."[5] On remand, the district court must comply with the mandate of the court of appeals, and may not revisit any issues that the court of appeals expressly or impliedly disposed of in its decision.[6]
 
 
 8
 In our prior decision in this case, we remanded to the district court with the specific instruction that it "permit counsel to file ... an appropriate motion to amend the judgment." We stated that the "purpose of such an amendment would be to correct ... an error" on the part of the Gegenheimers' counsel. The mandate on our prior decision issued on September 28, 1989, more than a year after the original judgment was entered. By necessary implication, we decided that in the wake of our decision, predicated on our authority under 28 U.S.C. Sec. 2106 (1988) to remand for "such further proceedings ... as may be just under the circumstances," the district court had the authority both to entertain and to grant such a motion for the purpose of "mak[ing] clear its understanding and intent" as to Galan's liability in his official capacity. It would have been error for the district court to consider the Gegenheimers' motion time-barred.
 
 
 9
 The Clerk tactfully suggests that, if this is the case, then we exceeded our authority in our prior decision by disregarding the provisions of Rule 60(b). We need not decide that issue, for under the law of the case doctrine, absent an intervening decision by the Supreme Court or some manifest injustice, our decision is as binding on us as it was on the district court.[7] We do note, however, that this circuit has previously recognized in dicta that "[i]f [an] appeal results in a substantive change [in the judgment], then the time [for filing a Rule 60(b)(1) motion] would run from the substantially modified order entered on mandate of the appellate court."[8]
 
 
 10
 The district court therefore did not err in granting the Gegenheimers' motion to amend the judgment.
 
 III
 
 11
 The Clerk's second argument is that we should dismiss the judgment against Galan in his official capacity because the Gegenheimers failed to join Jefferson Parish as a defendant. Citing this court's decision in Hart v. Walker,[9] the Clerk asserts that the Gegenheimers violated this circuit's rule that "[t]o impose liability on a municipal or governmental entity in a section 1983 action ..., the plaintiff must join the entity as a defendant in the suit."[10]
 
 
 12
 The rule of Hart v. Walker has been abrogated. In Brandon v. Holt,[11] the Supreme Court held in no uncertain terms "that a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond."[12] Six months later, in Kentucky v. Graham,[13] the Court reiterated that point, stating that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[14] Under Brandon and Graham, then, a plaintiff need not join the governmental unit itself as a defendant to impose liability against it, but may sue the individual official in his official capacity, so long as the governmental unit the official represents is given notice and an opportunity to be heard. This, of course, assumes that the individual official may be sued in his official capacity, a question governed by state law.[15] To the extent that Hart v. Walker held otherwise, it has been overruled.
 
 
 13
 The Clerk does not and could not dispute that, under Louisiana law, the Clerk of Court is a public official who has the capacity to be sued. Clerks of Court are thus amenable to suit under Sec. 1983.[16] The Louisiana courts have also made it clear that the proper way to plead an official-capacity suit against the Clerk is simply to sue the Clerk of Court in his official capacity,[17] and that official-capacity liability may be imposed against a successor Clerk of Court.[18] The Clerk does not allege that the notice to his predecessor was inadequate or improper, or that his predecessor was denied an opportunity to respond to the Gegenheimers' allegations. The judgment against the Clerk in this case was therefore properly rendered.
 
 
 14
 Most of the argument to this court centered on whether, ultimately, the Gegenheimers may exact payment of the judgment against the Clerk of Court from funds belonging to Jefferson Parish or whether they may execute only against funds held by the successor clerk. While the Louisiana courts have held that the Clerk of Court is a political officer of a local governmental subdivision, namely the parish in which his office lies,[19] we decline to decide whether the parish is liable to the Gegenheimers because the Gegenheimers assert that they are not attempting to collect from the parish: they "have no desire nor need to seek to enforce their judgment against" it because the Clerk of Court has ample funds with which to satisfy the judgment, and because the supersedeas bond posted by him states that "the sum of $72,500 shall hereby be available to plaintiffs from the official funds of the Clerk of Court should the plaintiffs prevail in the appellate process and succeed in having the judgment of the District Court maintained in their favor."
 
 
 15
 Whether the Gegenheimers might be able to execute the judgment against the parish and whether the successor Clerk of Court may recover from the parish any funds he pays to the Gegenheimers are not, therefore, issues before us. Hence we do not intimate any opinion concerning the correctness of the district court's statement in its memorandum opinion that "[n]o attempt may be made to collect the damages from Jefferson Parish, because the parish was not joined as a party."
 
 
 16
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Fed.R.Civ.P. 25(d)(1); Fed.R.App.P. 43(c)(1)
 
 
 [2]
 Gegenheimer v. Galan, No. 88-3465, slip op. at 5 (5th Cir. Sept. 6, 1989) [885 F.2d 869 (table) ]
 
 
 [3]
 Gegenheimer v. Galan, C.A. 87-1294 (E.D.La. Jan. 10, 1990) (judgment)
 
 
 [4]
 Fed.R.Civ.P. 60(b)(1) provides that "the court may relieve a party ... from a final judgment ... for ... (1) mistake, inadvertence, surprise or excusable neglect."
 
 
 [5]
 Briggs v. Pennsylvania R.R. Co., 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948)
 
 
 [6]
 Clements v. Steele, 786 F.2d 673, 675 (5th Cir.), clarified on denial of reh'g, 792 F.2d 515 (5th Cir.1986)
 
 
 [7]
 Falcon v. General Telephone Co., 815 F.2d 317, 319-20 (5th Cir.1987)
 
 
 [8]
 Transit Casualty Co. v. Security Trust Co., 441 F.2d 788 (5th Cir.), cert. denied, 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971); see 11 C. Wright & A. Miller, Federal Practice & Procedure Sec. 2866 at 233 (1973)
 
 
 [9]
 720 F.2d 1443 (5th Cir.1983)
 
 
 [10]
 Id. at 1445
 
 
 [11]
 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985)
 
 
 [12]
 Id. at 471-72, 105 S.Ct. at 878
 
 
 [13]
 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)
 
 
 [14]
 Id. at 166, 105 S.Ct. at 3105
 
 
 [15]
 Fed.R.Civ.P. 17(b)
 
 
 [16]
 Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)
 
 
 [17]
 Robin v. Galan, 545 So.2d 1129, 1132 (La.App. 5th Cir.1989); see Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669, 671 (La.1981); Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dept., 350 So.2d 236, 238-39 (La.App. 3d Cir.), writ denied, 352 So.2d 235 (La.1977)
 
 
 [18]
 Robin, 545 So.2d at 1132-33; see Bulot v. Justice, 524 So.2d 269, 271-72 (La.App. 5th Cir.1988). See also Jenkins, 402 So.2d at 671
 
 
 [19]
 Bulot v. Justice, 552 So.2d 1344, 1346-47 (La.App. 5th Cir.1989), writ denied, 558 So.2d 1124 (La.1990)