BERWICK GRAIN COMPANY, INC., and David McCrery, Jr., Plaintiffs–Appellants,

v.

ILLINOIS DEPARTMENT OF AGRI-CULTURE, Rebecca Doyle, Thomas E. Jennings, et al., Defendants–Appel-lees.

No. 98–3394.

United States Court of Appeals, Seventh Circuit.

Submitted June 29, 1999.*

Decided Aug. 27, 1999.

---

\* This appeal is successive to No. 96–2838 and is being decided pursuant to Operating Proce-dure 6(b). Judge Evans is participating due to the death of The Honorable Walter J. Cum-mings, who was a member of the original panel. After examining the briefs and record, we have concluded that oral argument is un-necessary. *See* Fed. R.App. P. 34(a)(2).

John H. Bisbee (submitted), Bushnell, IL, for Plaintiffs–Appellants.

Jerald S. Post, Office of the Attorney General, Civil Appeals Div., Chicago, IL, for Defendants–Appellees.

Before POSNER, Chief Judge, and FLAUM and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

Twenty-five months after the district court entered final judgment against them, Berwick Grain Company, Inc. ("Berwick"), and company president David McCrery, Jr., returned to the district court and moved to reopen their civil rights case against several employees of the Illinois Department of Agriculture. By then our own judgment affirming the district court had been final for more than 10 months, and so understandably the district court questioned the timeliness of the plaintiffs' request. The court denied it, not only because it was late but also because it lacked merit. Asked to reconsider, the district court refused. The plaintiffs then brought this appeal, and we affirm.

## I.

We presume familiarity with our prior opinion, *Berwick Grain Co., Inc. v. Illinois Dept. of Agric.*, 116 F.3d 231 (7th Cir. 1997), and will not repeat the facts in detail. In 1987 the Illinois Department of Agriculture revoked Berwick's operating licenses because the company was in financial straits. Instead of seeking administrative review, McCrery three years later applied for a grain dealer's license on behalf of A Grain Company, Inc., Berwick's wholly-owned subsidiary. The denial of this application became final in early 1991, and in December of that year Berwick and McCrery brought suit under 42 U.S.C. § 1983 alleging that both licensing decisions violated their due process rights.

On May 15, 1996, the district court entered summary judgment for the defendants. The court held that the plaintiffs' claims relating to the revocation of Berwick's licenses were barred by the relevant two-year statute of limitations, and that no evidence had been developed to suggest a due process violation in connection with the later refusal to license Berwick's subsidiary. On June 19, 1996, the district court denied the plaintiffs' motion to alter or amend the judgment, and they appeal-

ed. We heard oral argument on April 25, 1997, and afterward entertained a post-argument submission from the plaintiffs' counsel. In affirming the district court, we bypassed the plaintiffs' protracted attack on the district court's statute-of-limitations analysis and instead cut to the plaintiffs' more-rudimentary failure to adduce evidence that any defendant subject to suit under § 1983 (the Department of Agriculture was not) had acted improperly. *Id.* at 233 & n. 1, 235. Our amended opinion issued on July 3, 1997, and our mandate, on August 7, 1997.

On June 23, 1998, the plaintiffs returned to the district court and filed their "Motion for Relief from Judgment Pursuant to Rule 60(b)(1) and (6) Fed.R.Civ.P." Interpreting our 1997 decision as disavowing the district court's dismissal of two of their three claims as statute-barred, the plaintiffs asked the court to reopen the summary judgment proceedings and reassess their claims in light of the exhibits, few of them new, that were appended to their Rule 60(b) motion. The district court refused, concluding in its August 7, 1998, order that the plaintiffs' motion could not be founded on Federal Rule of Civil Procedure 60(b)(6), and that it was untimely under Rule 60(b)(1). On August 11, 1998, the plaintiffs filed their "Motion for Reconsideration of Order Denying Relief Pursuant to Rule 60(b)(1) and (6) Fed.R.Civ.P." The district court denied this motion on August 19, 1998, adding to its earlier reasons that the new exhibits still failed to prove impropriety on the part of the named defendants. On September 18, 1998, the plaintiffs filed this appeal.

## II.

■ We pause at the outset to examine our jurisdiction. The plaintiffs moved for "reconsideration" four days after the district court denied their Rule 60(b) motion, and 30 days after the second motion was denied they filed this appeal. The defendants apparently concede that the plaintiffs' ·request for reconsideration was a

timely motion under Federal Rule of Civil Procedure 59(e), but they hint it was ineffective to toll the 30–day period in which to appeal the denial of Rule 60(b) relief. *See* Fed. R.App. P. 4(a)(1)(A), (a)(4)(A)(iv). Noting that the plaintiffs also filed a Rule 59(e) motion before their first appeal, the defendants explain that "successive motions for reconsideration" do not forestall the running of the appeal clock. Having said this, though, the defendants stop short of asserting that the plaintiffs were too late when they filed a notice of appeal more than 30 days after the denial of their Rule 60(b) motion.

Our own cases easily resolve this jurisdictional question, though surprisingly both parties turn elsewhere for supporting authorities. We indeed have held that only the first of multiple Rule 59 motions targeting the same unaltered judgment will extend the deadline for taking an appeal, *Charles v. Daley,* 799 F.2d 343, 347–48 (7th Cir.1986), but here the plaintiffs' 1998 motion for reconsideration is unrelated to the district court's 1996 final judgment and cannot be characterized as "successive" to their prior Rule 59 motion. Rather, the order denying the plaintiffs' Rule 60(b) motion was itself a final and appealable decision, *Goffman v. Gross,* 59 F.3d 668, 673 (7th Cir.1995), and, like other civil judgments, was properly the subject of a motion to alter or amend judgment under Rule 59(e), *Bank of Cal., N.A. v. Arthur Andersen & Co.,* 709 F.2d 1174, 1176 (7th Cir.1983); *Inryco, Inc. v. Metropolitan Eng'g Co., Inc.,* 708 F.2d 1225, 1232 (7th Cir.1983). By timely asking the district court to reconsider its order denying Rule 60(b) relief, the plaintiffs delayed the start of the 30–day period for appealing that order until after the court had declined their invitation to set it aside. *See* Fed. R.App. P. 4(a)(4)(A)(iv); *Bank of Cal.,* 709 F.2d at 1176. Not until August 19 did the district court deny the motion for reconsideration, and so the notice of appeal filed 30 days later was timely.

*Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 112 (7th Cir.1985).

We turn then to the merits. In their Rule 60(b) motion, the plaintiffs argued that counsel's "excusable error, oversight and misunderstanding" justified reopening the district court's 1996 grant of summary judgment. Under Rule 60(b)(1), mistake, inadvertence, and excusable neglect may provide cause to vacate a final judgment, though only if brought to the district court's attention within a reasonable time but in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *See* Fed.R.Civ.P. 60(b). Perhaps wary of the passage of time, the plaintiffs rested their Rule 60(b) motion on both subsection (b)(1) and the broader Rule 60(b)(6), the latter encompassing "any other reason justifying relief" and exempt from the one-year outside limit of Rule 60(b)(1). *See United States v. Deutsch*, 981 F.2d 299, 302 (7th Cir.1992). In this court the plaintiffs abandon reliance on Rule 60(b)(6) because the two subsections are mutually exclusive, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Webb v. James*, 147 F.3d 617, 622 (7th Cir.1998), and the defendants leave unchallenged the plaintiffs' assumption that, between the two, Rule 60(b)(1) was the proper vehicle for the relief they sought. The question, then, as framed by the parties is whether the one-year period of Rule 60(b)(1) must be measured from our 1997 judgment, or from the district court's entry of final judgment in 1996. The plaintiffs argue, as they did in the district court, that our prior decision rejected the district court's statute-of-limitations analysis "and in essence entered a new judgement" that triggered the one-year period. Unlike the defendants, we do not see in this narrow contention a bid to have the district court overturn, or even review, our judgment, though we agree that the plaintiffs' ill-considered description of their Rule 60(b) motion as a collateral attack on our judgment comes perilously close to suggesting the untenable position the defendants suspect was intended. *See Donohoe v. Consolidated Operating & Prod. Corp.*, 30 F.3d 907, 909–10 (7th Cir.1994) (appellate judgments are binding on district courts); *Barrow v. Falck*, 11 F.3d 729, 731 (7th Cir.1993) (appellate decision is conclusive absent circumstances justifying reopening of district court's judgment under Rule 60(b)). Still the plaintiffs' argument, if not so extreme, is equally lacking in merit.

█ For now we put aside that the one-year cutoff is an outer limit, not the sole dividing line separating timely from tardy motions under Rule 60(b)(1). *Merit Ins. Co. v. Leatherby Ins. Co.*, 728 F.2d 943, 944 (7th Cir.1984); *Bank of Cal.*, 709 F.2d at 1176. At a minimum, though, it is clear that after a year a district court loses jurisdiction to grant a Rule 60(b)(1) motion, *Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 296 (7th Cir.1998), *cert. denied*, — U.S. —, 119 S.Ct. 374, 142 L.Ed.2d 309 (1998); *Deutsch*, 981 F.2d at 302, and that the time continues to run even while an appeal is pending, *Merit Ins. Co.*, 728 F.2d at 944. The plaintiffs accept that their Rule 60(b)(1) motion was late if measured against the judgment the district court entered in 1996, and so they maintain that our 1997 decision "altered everything which the district court had done."

█ The plaintiffs incorrectly equate avoidance of the statute-of-limitations issue with rejection of the district court's analysis. A grant of summary judgment may be affirmed on any basis in the record, *Klein v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 990 F.2d 279, 282–83 (7th Cir. 1993), and in the prior appeal we simply opted to address a larger issue that rendered the timeliness of the plaintiffs' complaint irrelevant. That aside, we are willing to assume that, with respect to Rule 60(b)(1), a new, one–year period is triggered by an appellate ruling that substantially alters a district court's judgment. *See Simon v. Navon*, 116 F.3d 1, 3 (1st

Cir.1997); *Gegenheimer v. Galan,* 920 F.2d 307, 310 (5th Cir.1991); *Transit Cas. Co. v. Security Trust Co.,* 441 F.2d 788, 790–91 (5th Cir.1971); 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2866, at 381 (2d ed.1995); *cf. Buggs v. Elgin, Joliet & Eastern Ry. Co.,* 852 F.2d 318, 323 (7th Cir.1988) ("[W]e agree with the general proposition that an amended judgment may in some cases so materially alter a court's prior order that the period of time within which an appeal must be filed should begin to run anew."); *Charles,* 799 F.2d at 348 ("A significant change in a judgment starts all time periods anew."). But we reject the plaintiffs' contention that our judgment in the prior appeal amended—let alone substantially amended—the district court's grant of summary judgment. In the first appeal we affirmed the district court *in toto,* and the plaintiffs offer no authority for their view that an outright affirmance can change "matters of substance" the way that actually modifying a district court's judgment might. *See Charles,* 799 F.2d at 348. Plainly our decision, even though premised on a different legal analysis, did not disturb or revise the "legal rights and obligations" of the parties. *See Federal Trade Comm'n v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211–12, 73 S.Ct. 245, 97 L.Ed. 245 (1952). Accordingly, we agree with the district court that the plaintiffs filed their Rule 60(b)(1) motion well outside the one-year jurisdictional limit.

▄ That is enough to affirm in this case, but the content of the plaintiffs' motion leads us to comment on two other points. So far we have accepted the parties' assumption that the principal issue presented by this appeal is whether the plaintiffs met the one-year cap of Rule 60(b)(1). The district court resolved this question correctly, though a second reason reinforces our conclusion that the plaintiffs' motion was untimely. We reiterate that the one-year deadline is an outside limit. *Merit Ins. Co.,* 728 F.2d at 944;

*Bank of Cal.,* 709 F.2d at 1176. In fact we have described it as "extreme limit" and cautioned that even a motion filed within a year "will be rejected as untimely if not made within a reasonable time." *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir.1986) (citation and quotations omitted). In this case the plaintiffs delayed unreasonably regardless whether the one-year clock commenced in May 1996 when the district court entered its judgment, or as late as August 1997 when we issued our mandate.

The plaintiffs' Rule 60(b) motion traces in meticulous detail counsel's endeavor to resolve a concern he raised at oral argument, *see Berwick Grain Co.,* 116 F.3d at 233, and though the plaintiffs draw our attention to what counsel learned, we are more interested in the timing of his discoveries. It is apparent from reading the motion that every supporting fact was known to the plaintiffs by May 1997— several weeks before we decided the first appeal and almost 13 months before the plaintiffs saw fit to share the information with the district court. And by conceding that the Rule 60(b) motion embodies "in substance" their post-argument tender to us in the prior appeal, the plaintiffs necessarily admit it was stale long before the district court received it in June 1998. The plaintiffs do not explain their delay in presenting these materials to the district court, nor can we envision a satisfactory basis for waiting. What is "reasonable" varies, but, apart from the general need for finality, factors leading us to conclude that the plaintiffs failed in this case to proceed with appropriate dispatch include counsel's admitted oversights, the timing of his discoveries, and his inexplicable delay in acting on what he learned after oral argument. *See Sparrow v. Heller,* 116 F.3d 204, 206 (7th Cir.1997); *Kagan,* 795 F.2d at 610.

▄ That brings us to our final observation. Two years ago we concluded that the plaintiffs had "yet to adduce any evidence tending to show that the named

defendants did anything improper." *Berwick Grain Co.*, 116 F.3d at 233. The district court, in denying the plaintiffs' motion for reconsideration, reasoned that the Rule 60(b) motion did nothing to remedy this shortcoming. We agree. As the defendants note, the Rule 60(b) motion is premised on the plaintiffs' belief that counsel at long last has assembled and grasped conclusive proof that the defendants improperly incited United Agri Products Financial Services to withdraw its loan commitment to the plaintiffs. What the plaintiffs offer, however, are statements from Carl Schroeder, a former Department of Agriculture employee. Schroeder shared derogatory information concerning the plaintiffs with the lender's representative, but Schroeder is not a defendant. Nor could he recall anyone—least of all a named defendant—telling him to relay the information. And so we have come full circle. Two years and another appeal later, this case stands where it stood before, and we commend the district court for declining the plaintiffs' invitation to prolong it even further.

AFFIRMED.