**RUBY TUESDAY, INC.,**
**Plaintiff–Appellee,**

v.

**Robert E. THOMAS and Charles A. Thomas, Defendants–Appellants.**

**No. 01–2148.**

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2002.*

Decided June 21, 2002.

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

### ORDER

In January 1998 Ruby Tuesday, Inc., brought this diversity action in the Southern District of Indiana alleging that C.R. Thomas Corporation and guarantors Robert and Charles Thomas defaulted on a sublease. After discovery the defendants' attorney withdrew from the case, and weeks later the defendants failed to appear at the pretrial conference. Ruby Tuesday then moved for summary judgment, but the defendants did not respond. In April 1999 while the summary judgment motion was pending, Robert Thomas filed for bankruptcy in the United States District Court for the Eastern District of Kentucky. His petition did not list Ruby Tuesday as a possible creditor, nor did he notify the magistrate judge in Indiana (sitting by consent of the parties under 28 U.S.C. § 636(c)) of the bankruptcy's pendency. Robert voluntarily dismissed the petition in 2000 after the bankruptcy court retroactively modified the terms of the automatic stay, *see* 11 U.S.C. § 362(d).

On May 13, 1999, the magistrate judge partially granted Ruby Tuesday's unopposed summary judgment motion. The magistrate judge concluded that Ruby Tuesday had established the absence of a triable issue with respect to liability, but scheduled a hearing for May 18 (the date previously earmarked for trial) to allow the defendants a final opportunity to contest damages. The defendants, however, did not show up at that hearing either, and on May 20 the magistrate judge entered judgment in favor of Ruby Tuesday for approximately $308,000, plus post-judgment interest.

There was no appeal, but on May 22, 2000, one year and two days after entry of judgment, the defendants (represented by new counsel) moved to vacate under Federal Rule of Civil Procedure 60(b)(1). They argued that the judgment should be set aside because its entry violated the automatic stay in Robert's bankruptcy, *see* § 362, and because they received insufficient notice of the damages hearing. The magistrate judge conducted a hearing and then denied the request, concluding that the motion was untimely because it was not filed within one year of the judgment.

█ Only Robert and Charles remain as parties in the appeal. In their brief they do not address the timeliness issue but instead iterate the points raised in their Rule 60(b)(1) submission. Ruby Tuesday counters that the Thomases' motion was untimely because it was filed beyond the one-year time limit set forth in Rule 60(b)(1). Under that rule, mistake, inadvertance, surprise, or excusable neglect may justify vacating a final judgment if the request is brought within a reasonable time not to exceed one year after the date of judgment. *See Berwick Grain Co. v. Ill. Dep't of Agric.*, 189 F.3d 556, 559 (7th Cir.1999); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir.1986). By

invoking the one-year provision, however, Ruby Tuesday overlooked Federal Rule of Civil Procedure 6. Because the magistrate judge entered final judgment on May 20, 1999, the Thomases had until May 20, 2000, to comply with the one-year time limit. But May 20 fell on a Saturday, and Rule 6(a) commands that the limitation period be extended to the next business day, Monday, May 22. *See, e.g., Pickett v. Prince,* 207 F.3d 402, 407 (7th Cir.2000); *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation,* 605 F.2d 648, 656 (2d Cir.1979). The Thomases filed their motion on the 22nd and therefore did not contravene the one-year limitations period.

■ But that does not mean that their motion was timely. A Rule 60(b)(1) motion filed within one year may nevertheless be untimely if not made within a *reasonable* time. *Berwick Grain,* 189 F.3d at 560. Reasonableness depends on the facts of each case, and we consider the interest in finality, the reason for delay, the practical ability of the litigant to have learned earlier about the grounds of the judgment, and the degree of prejudice to the other parties. *Kagan,* 795 F.2d at 610.

The Thomases acted unreasonably in waiting one year to file their motion without explaining the delay. *See Amoco Overseas,* 605 F.2d at 656. Plainly they were aware of the judgment at a much earlier time. Charles acknowledged at the Rule 60(b) hearing that he received notice of the judgment, and in the months after it was entered the Thomases actively defended a suit brought by Ruby Tuesday in Boyd County, Kentucky, to domesticate the judgment. They also contested Ruby Tuesday's successful effort to have the bankruptcy court retroactively modify the automatic stay with respect to the Southern District of Indiana judgment, *see* 11 U.S.C. § 362(d), filing their Rule 60(b)(1)

motion in this case the same day that the bankruptcy court refused to reconsider its decision to nullify the stay with respect to that judgment. The Thomases fought the effects of the judgment elsewhere but sat on their hands in this case without justification. Moreover, Ruby Tuesday suffered prejudice from the Thomases' dilatory tactics. Robert's ill-fated bankruptcy petition and the tardy Rule 60(b)(1) motion have frustrated Ruby Tuesday's efforts to collect on a judgment that is now three years old. As a result, the magistrate judge did not abuse his discretion in concluding that the Rule 60(b)(1) motion was untimely.

■ But even if the defendants filed within a reasonable time, their Rule 60(b)(1) motion is meritless. They argue that the judgment should be set aside because its entry violated the automatic stay that had issued in Robert's bankruptcy proceeding in April 1999, *see* § 362, and because they received insufficient notice of the damages hearing. Charles, however, cannot prevail on the "bankruptcy stay" argument because Robert was the only petitioner—Charles and C.R. Thomas Corporation were not in bankruptcy and therefore the stay did not affect them, *see, e.g., Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restorations,* 140 F.3d 661, 666 (7th Cir.1998). Robert has no argument either—the bankruptcy court modified the automatic stay retroactively to exempt the judgment because Robert's petition did not list Ruby Tuesday as a creditor and he failed to notify the magistrate judge of the bankruptcy's pendency, *see* § 362(d); *E. Refractories Co. v. Forty Eight Insulations,* 157 F.3d 169, 172 (2d Cir.1998) (bankruptcy courts may annul automatic stay to validate proceedings that would otherwise be void ab initio); *In re Nat'l Envtl. Waste Corp.,* 129 F.3d 1052, 1055 (9th Cir.1997); *In re Soares,* 107 F.3d 969,

976–77 (1st Cir.1997); *Sikes v. Global Marine, Inc.,* 881 F.2d 176, 178–79 (9th Cir. 1989); *In re Albany Partners, Ltd.,* 749 F.3d 670, 675 (11th Cir.1984); 3 *Collier's Bankruptcy Manual* ¶ 362.07[1] (15th ed.1998); *see also Matthews v. Rosene,* 739 F.2d 249, 251–52 (7th Cir.1984) (equitable doctrine of laches barred debtor from nullifying state-court judgment entered in violation of automatic stay).

■ In addition, the "notice" issue raised in the Rule 60(b)(1) motion is frivolous–Robert admitted that he did not open his mail due to his mounting financial woes and acknowledges that he may have received notice of the damages hearing. And the court was not obligated to conduct such a hearing in any event.

AFFIRMED.