Arlene OTIS, Plaintiff–Appellant,

v.

## ILLINOIS DEPARTMENT OF HUMAN SERVICES, Defendant–Appellee.

### No. 01–3201.

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 2002.*

Decided June 28, 2002.

Before POSNER, KANNE, EVANS, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Arlene Otis appeals the denial of her motion for reconsideration of the dismissal of her complaint against the Illinois Department of Human Services. Because the district court did not abuse its discretion in denying Otis' motion for reconsideration, we affirm.

Otis suffers from diabetes and requires near-daily injections of insulin to control her condition. When she moved to Illinois in December 2000, Otis immediately applied for state social service benefits and received an emergency award of food stamps. Otis learned from her caseworker that her eligibility for medical benefits was being "redetermined" and that it could take up to thirty days to process her application for further state assistance. Otis then filed a complaint in district court, seeking to compel immediate approval of medical benefits so she could visit a doctor and get access to insulin as soon as possible. The district court appointed counsel for Otis, and she began working with her attorney to prepare her case.

The Department then moved to dismiss, claiming Eleventh Amendment immunity. Otis' attorney soon informed the Department and the district court that he believed a resolution could be reached through the administrative process and that Otis would not contest the motion to dismiss. On April 5, 2001, the district court entered an order dismissing Otis' complaint. On April 17, 2001, Otis filed pro se a motion for reinstatement of the case. She was arrested for a reason not revealed in the record shortly thereafter, and on May 23 the district court denied her motion without prejudice, commenting that she could refile her motion upon her release from custody. On June 19, 2001, Otis did as the district court suggested and refiled her post-judgment motion urging the court to reconsider its dismissal of her complaint. On July 17, 2001, the district court denied the June 19 motion, which it correctly treated as one brought under Federal Rule of Civil Procedure 60(b). Otis quickly moved for reconsideration of the denial of her Rule 60(b) motion but that request was also denied. On August 22, 2001, Otis filed her notice of appeal.

First, we must address the timeliness of Otis' notice of appeal. Her first motion for reinstatement was filed within ten days of the entry of the district court's judgment dismissing her complaint, and so it should have been treated as one under Federal Rule of Civil Procedure 59(e). *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir.2001). And as a motion under Rule 59, it tolled the time for filing a notice of appeal. *See Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir.2001). Upon learning that Otis had been arrested, however, the district court denied the motion and granted Otis "leave" to refile the motion upon her release. A district court may not extend the time to file a Rule 59 motion, *see Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir.1996), and thus, despite the court's grant of "leave," Otis still had only thirty days from the date her first motion for reinstatement was denied to file her notice of appeal, *see* Fed. R.App. P. 4(a)(1)(A). But she waited almost three months, and therefore her notice of appeal is untimely with respect to the underlying judgment. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir.2000).

Otis' second motion, however, was properly treated as a motion under Rule 60(b). The denial of a Rule 60(b) motion is an independent and appealable order, *see SEC v. Van Waeyenberghe*, 284 F.3d 812, 814 (7th Cir.2002) (per curiam), and thus Otis' third post-judgment motion, which contested the denial of her Rule 60(b) motion and was filed within ten days after the

entry of judgment, tolled the time to file a notice of appeal, *see Berwick Grain Co., Inc. v. Illinois Dept. of Agric.,* 189 F.3d 556, 558 (7th Cir.1999), which she did within the allotted thirty days. As a result, this appeal timely presents for review the district court's denial of Otis' Rule 60(b) motion.

In her Rule 60(b) motion, Otis argued that her attorney did not have authorization to consent to dismissal of her complaint and that the Department was incorrect in arguing that the Eleventh Amendment barred her claims. The district court rejected Otis' arguments, stating that she had not shown any evidence that her attorney neglected her case, or that extraordinary circumstances or the possibility of injustice demanded reconsideration of the dismissal. Our review of the denial Rule 60(b) relief is very limited; we will reverse only for abuse of discretion. *Nat'l Org. for Women, Inc. v. Scheidler,* 267 F.3d 687, 710 (7th Cir. 2001). As the district court noted, Otis offered no evidence that the dismissal of her complaint resulted from attorney neglect. *See* Fed.R.Civ.P. 60(b)(1). In fact, the record contradicts Otis' assertion, documenting that her attorney researched the issues presented by the motion to dismiss and discussed his strategy with Otis before contacting the court. Moreover, Otis' second argument, suggesting that the district court had made mistakes of law in dismissing her complaint, was not the proper subject of a Rule 60(b) motion. *See Talano,* 273 F.3d at 762. We therefore conclude that the district court did not abuse its discretion by denying Otis' Rule 60(b) motion.

As a final note, we must address Otis' "Motion to Strike Appellee Reply Brief,"

which she filed on the same day as her reply brief. She argues that the Department never served a copy of its appeal brief on her former attorney, but he was her appointed counsel only in the district court. Her notice of appeal was filed pro se, and she has no attorney for this appeal. Otis also contends that the Department's brief refers to documents she has not seen, but all the documents she lists can be found in the record.

Accordingly, the judgment of the district court is AFFIRMED, and the motion to strike the Department's brief is DENIED.