**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Julie J. MCBRIDE, Defendant–Appellant.**

**No. 02–1546.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 9, 2002.*

Decided Nov. 20, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argu-

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

ORDER

In 2001, pursuant to Federal Rule of Civil Procedure 60(b), Julie McBride sought relief from a default judgment entered against her in 1996. The 1996 judgment ordered McBride to repay four stu-

dent loans on which she had defaulted. Because two of these loans were also the subject of a 1993 state court default judgment against her, she asked for relief from the 1996 judgment to the extent that it conflicted with the 1993 judgment. The district court denied her motion. McBride appeals, and we affirm.

In 1984 and 1985, McBride obtained four student loans: two Stafford loans in the amount of $5,000 each, and two Supplemental Student loans in the amount of $3,000 each. Since 1988, McBride has been in default on all of these loans.

In 1992, the U.S. Department of Education, through its agent the Higher Education Assistance Foundation (HEAF), sued McBride in state court to enforce the two $3,000 Supplemental Student loans. On July 27, 1993, HEAF obtained a default judgment against McBride for the amount of these loans plus interest and reasonable attorneys' fees. HEAF informed McBride of the judgment, which was then assigned to the government for enforcement. Although the judgment resulted in a lien being placed on McBride's home, the government has taken no further action to enforce this judgment. A substantial deficiency remains.

In 1996, the government sued McBride to enforce all four of the defaulted loans, including the two Supplemental Student loans that were the subject of the earlier suit. The U.S. Attorney's Office was not aware that a 1993 state court judgment had been entered on the two Supplemental Student loans, and McBride never raised the issue. She in fact assumed that the government was suing her for the remaining two $5,000 Stafford loans that had not been included in the state court claim.

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*

Fed. R.App. P. 34(a)(2).

She did not file an answer, and on October 28, 1996, the government obtained a default judgment against her on all four loans plus interest and attorneys' fees. The judgment resulted in a second lien being placed on McBride's home, and the government has received several payments through tax offsets. The balance of this judgment remains unpaid.

In 2001 McBride filed a motion under Rule 60(b)(6) seeking relief from the 1996 judgment to the extent that it was duplicative of the 1993 judgment. According to her motion, it was in early 2001 that she first carefully studied the documents pertaining to the 1996 suit and discovered that the judgment covered all four loans. She immediately notified the U.S. Attorney's Office of the overlap between the 1996 and 1993 judgments. In May 2001, the U.S. Attorney's Office informed McBride that the government would not collect twice on the same loans. After she received this communication, McBride filed the present motion in July 2001.

The magistrate judge recommended that McBride's claim be dismissed because it was an untimely request that should properly have been brought under Rule 60(b)(3). The district judge, adopting that recommendation, acknowledged that McBride's claim could be construed as a Rule 60(b)(3) matter, but he then dismissed McBride's claim as an untimely request that should properly have been brought under Rule 60(b)(1). The district judge noted that "motions filed in [sic] pursuant [to] Rule 60(b)(1), (2), and (3) are governed by a strict time limit and cannot be filed more than one year after the judgment ... was entered," and he concluded that McBride was attempting "to make an end-run around this limitation by filing under Rule 60(b)(6)," which has no time limitation. Because subsections (1) and (6) are mutually exclusive, the judge concluded that relief was foreclosed under Rule 60(b)(6). On appeal McBride reiterates that her claim for relief is not time-barred because it properly falls under the broader Rule 60(b)(6).

Rule 60(b) supplies an extraordinary remedy to be granted only in exceptional circumstances, and we review the district court's decision denying relief for abuse of discretion. *See Talano v. Northwestern Med. Faculty*, 273 F.3d 757, 762 (2001). We will not decide that the district court has abused its discretion as long as a reasonable person could agree with the decision. *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir.2001).

The district judge did not abuse his discretion in determining that McBride should have brought her claim under Rule 60(b)(1). Rule 60(b)(1) permits a claimant to obtain relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." *See Berwick Grain Co. v. Ill. Dept. of Agric.*, 189 F.3d 556, 559 (7th Cir.1999). The Supreme Court has broadly construed "excusable neglect," and a court may consider all of the relevant circumstances of a case to determine whether it exists. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 394–95, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Robb v. Norfolk & Western Ry.*, 122 F.3d 354, 361 (7th Cir.1997) (stating that since *Pioneer*, " 'excusable neglect' has a new and broader meaning"). According to her motion, McBride did not initially realize that the 1996 judgment covered all four loans, because she trusted that the government would not sue her twice on the same loans and because the documents that she was provided were ambiguously drafted and poorly copied. Our review of the district court's order convinces us that the judge adequately considered the circumstances surrounding McBride's confusion, and we cannot say that he abused his discretion in concluding that McBride should have

raised her claim under Rule 60(b)(1). *See Berwick Grain,* 189 F.3d at 559.

Since McBride's motion could have been brought pursuant to Rule 60(b)(1) but is now time-barred, she cannot obtain relief under Rule 60(b)(6). *See Pioneer,* 507 U.S. at 393 (noting that the provisions of Rule 60(b)(1), (2), or (3) and (6) "are mutually exclusive, and thus a party who failed to take timely action [based upon newly discovered evidence, mistake, or fraud] may not seek relief more than a year after the judgment by resorting to subsection (6)"). This is true even if, as McBride argues, the failure of the U.S. Attorney's Office to conduct a search for overlapping lawsuits constituted "inexcusable negligence." Because McBride did not raise this argument until this appeal, it is waived. Thus whether construed as a Rule 60(b)(1) or a Rule 60(b)(3) motion, McBride is entitled to no relief because her motion cannot be construed as a Rule 60(b)(6) motion.

AFFIRMED.