Arlene OTIS, Plaintiff–Appellant,

v.

Lisa MADIGAN, in her official capacity as Illinois Attorney General, et al., Defendants–Appellees.

No. 03–2516.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 2004.*

Decided Nov. 8, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Arlene Otis, Chicago, IL, pro se.

Timothy McPike, Office of the Attorney General, Chicago, IL, for Defendants–Appellees.

Before BAUER, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

Arlene Otis filed suit in district court alleging that Illinois officials have, since December 2000, improperly withheld a portion of the food stamps and medical welfare benefits to which she claims she was entitled. She also alleged that officials have repeatedly refused her requests for an administrative hearing at which she could contest the calculation of her benefits. The district court dismissed the complaint, finding that Otis's claims were barred by res judicata because she had previously lost a nearly identical lawsuit in which she alleged that, beginning in December 2000, the state had improperly denied her public assistance benefits. *See Otis v. Ill. Dep't of Human Servs.*, 39 Fed.Appx. 444 (7th Cir.2002). With respect to Otis's claims arising after her previous lawsuit was resolved, the district court noted that she never alleged attempting to challenge the calculation of her benefits in an administrative hearing, *see* Ill. Admin. Code tit. 89, §§ 14.1–80, or an action in state court under the Illinois Administrative Review Law, *see* 735 Ill. Comp. Stat. §§ 5/3–101–13, and found her ineligible for relief because she had failed to exhaust her administrative remedies.

Otis now argues that the defendants denied her due process during the administrative hearing concerning her benefits, thus implicitly conceding that she in fact received a hearing. But even assuming that Otis properly raised this due process argument in the district court, she never explains what aspects of the hearing were constitutionally deficient or how she believes the state deprived her of due process. At most, Otis makes a "generalized assertion of error" that she was denied due process, and this is insufficient for us to review her argument. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); FED. R.APP. P. 28(a)(9). To the extent Otis continues to argue that she never received a hearing, the defendants submitted to this court official documents showing that she was afforded four hearings. Although these documents are not part of the record, they are public records of administrative proceedings, and we take judicial notice of them.[1] *See Radaszewski v. Maram*, 383 F.3d 599, 600 (7th Cir. 2004). The documents show that three of Otis's appeals were dismissed when she

---

1. The defendants recognize that these documents are not part of the record, and suggest that this case should be remanded so they can supplement the record and the district court can determine whether Otis received an administrative hearing. The defendants easily could have avoided this problem if they had properly submitted these documents to the district court. But although counsel's failure to make the documents part of the record is regrettable, a remand here would be futile. The documents show unambiguously that Otis received four opportunities to appear for a hearing, and she has never disputed the documents' authenticity in her subsequent filings in this court.

failed to appear at her hearings, and that her fourth appeal was dismissed because she refused to explain her position at the hearing. Otis's argument that she never received a hearing is thus without merit.

 Otis also argues that the district court should have permitted her to amend her complaint so that she could add as a defendant the assistant state's attorney who defended her 2001 lawsuit, and so she could present unspecified new facts and claims to the court. But she never submitted a proposed filing or anything else to suggest to the district court that she could state a valid claim. The district court did not abuse its discretion when it denied her motion to amend her complaint. *See Cacia v. Norfolk & Western Ry. Co.,* 290 F.3d 914, 921–22 (7th Cir.2002).

AFFIRMED.