NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 15, 2016[*]
Decided June 15, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 16-1497

| | |
|---|---|
| JAMES A. MUDD,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>ALLEN COUNTY WAR<br>MEMORIAL COLISEUM,<br>    *Defendant-Appellee.* | Appeal from the United States District<br>Court for the Northern District of Indiana,<br>Fort Wayne Division.<br><br>No. 1:10-CV-52<br><br>William C. Lee,<br>*Judge.* |

**O R D E R**

James Mudd appeals from the denial of what he calls a "Motion for Clarification and Correct Errors." This submission relates to Mudd's unsuccessful effort nearly five years earlier to reopen a claim of employment discrimination that had ended in a settlement. We affirm the district court's ruling.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Mudd worked at the War Memorial Coliseum in Fort Wayne, Indiana. In 2010 he sued the Coliseum's board of trustees claiming employment discrimination, but the parties settled before the close of discovery, and the district court granted a joint motion to dismiss with prejudice. Ten months later, in May 2011, Mudd moved under Federal Rule of Civil Procedure 60(b) to reopen the suit because, he asserted, the defendant had fraudulently withheld an e-mail written by the assistant operations manager opining that Mudd had been treated unfairly by his immediate supervisor. This e-mail, Mudd argued, should have been disclosed during discovery. The district court denied this motion, and we dismissed Mudd's appeal from that decision for nonpayment of the appellate fees. Mudd's current submission asks the district court to "clarify" whether the defendant had committed fraud by not disclosing the e-mail and also argues that the court should have granted his earlier motion. The district court understood the filing to be another Rule 60(b) motion and denied it because, the court reasoned, Mudd was rehashing the same issue presented years earlier. The court also warned Mudd against any more frivolous filings.

Rather than heed that advice, Mudd filed this frivolous appeal. His "Motion for Clarification and Correct Errors" was years too late to be a legitimate motion under Rule 60(b). *See* FED R. CIV. P. 60(c); *Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013); *Berwick Grain Co. v. Ill. Dep't of Agric.*, 189 F.3d 556, 559–60 (7th Cir. 1999). Instead, as the district court recognized, Mudd simply was trying to engineer an untimely appeal from the denial of his May 2011 motion, which is not a proper use of Rule 60(b). *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667–68 (7th Cir. 2014); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

We affirm the district court's ruling and order Mudd to show cause within 14 days why he should not be sanctioned under Federal Rule of Appellate Procedure 38 for filing a frivolous appeal.