NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0249n.06

No. 18-1742

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ABDULMOKNE GHALEB, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | May 09, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| AMERICAN STEAMSHIP COMPANY, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |

Before: SILER, GIBBONS, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Abdulmokne Ghaleb moved to set aside a final judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure. The district court denied that motion as untimely. Finding no abuse of discretion, we AFFIRM.

I.

Ghaleb was a seaman injured aboard one of American Steamship Company's vessels. He sued for damages arising from his injury and a jury found for American Steamship on all three claims. Six months later, the district court granted Ghaleb's motion for judgment as a matter of law on one claim. This court reversed, reinstating the jury verdict. *Ghaleb v. Am. S.S. Co.*, 684 F. App'x 545, 551 (6th Cir. 2017).

Five months after the reinstated verdict, and nearly two-and-a-half years after the trial, Ghaleb moved to set aside the judgment under Fed. R. Civ. P. 60(b)(3). He claimed that one of

American Steamship's trial witnesses had given testimony that was inconsistent with his deposition testimony, and that American Steamship had committed discovery misconduct because, although aware of the change in testimony before trial, it had not supplemented its Rule 26 disclosures to reflect the change. *See* Fed. R. Civ. P. 26(a)(1) & (3). As evidence of American Steamship's advance knowledge of the change, Ghaleb pointed to a single sentence in American Steamship's opening argument.

The district court denied the motion as untimely. We review that determination for an abuse of discretion, *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010), and find none.

## II.

Any Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). In addition, because Ghaleb's motion sought relief under Rule 60(b)(3) specifically, he had to file the motion "no more than a year after the entry of the judgment," regardless of reasonableness. *Id.* But unlike Rule 60(c)(1)'s one-year limit, which begins at "entry of the judgment," the "reasonable time" clock begins ticking when the movant is or should be aware of the factual basis for the motion. *See, e.g.*, *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006); *Moses v. Joyner*, 815 F.3d 163, 166–67 (4th Cir. 2016); *Bouret-Echevarría v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 43–44 (1st Cir. 2015).

Ghaleb, as the party seeking to set aside a final judgment, bore the heavy burden of showing his entitlement to Rule 60 relief. *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 790–92 (5th Cir. 2018). That included showing that the motion was "made within a reasonable time." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017). "What constitutes a reasonable time depends on the facts of each case." *Days Inn*, 445 F.3d at 906.

Assuming for purposes of this appeal that Ghaleb is right that the reinstated jury verdict restarted his one-year filing window under Fed. R. Civ. P. 60(c)(1),[1] he nevertheless fails to adequately explain the five-month gap between the reinstated verdict and his filing date. *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177–78 (10th Cir. 2005) (holding a delay unreasonable where the plaintiff "had not given 'sufficient justification for the delay'"). His sole explanation is that he "did the best that he could," saying that the motion was "based on a detailed exposition" of the trial arguments and proceedings. "Such a motion cannot be prepared upon demand," Ghaleb argues, and "takes significant time."

We are not convinced that a reasonable attorney would need five months to prepare this motion. In *Bouret-Echevarría*, the First Circuit deemed a three-month delay reasonable because "appellants' counsel was actively attempting to substantiate the motion and find local counsel with whom to associate." 784 F.3d at 44. Ghaleb, on the other hand, took five months to prepare a motion based on facts that had been in his possession for more than two years. The only supporting facts he presented—a line from American Steamship's opening argument, the witness's changed testimony, the not-supplemented Rule 26 disclosures, and a purported witness apology to Ghaleb[2]—were all available to Ghaleb and his attorney during trial. So, unlike *Bouret-Echevarría*,

---

[1] A few circuits have suggested that when an appeal "substantially alters" the original judgment, the new judgment might provide the starting point for Rule 60(c)(1)'s one-year outer limit. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1089 (10th Cir. 2005); *Berwick Grain Co., Inc. v. Ill. Dep't of Agric.*, 189 F.3d 556, 559–60 (7th Cir. 1999); *Gegenheimer v. Galan*, 920 F.2d 307, 310 (5th Cir. 1991). Even if we were to agree, that principle might not apply here, since the reinstated judgment was actually a return to the original judgment and so might not constitute a substantial alteration. We need not answer these questions because Ghaleb failed to justify even his five-month delay following the reinstated verdict.

[2] In support of his motion, Ghaleb submitted an affidavit claiming the witness had approached him after testifying (but while the trial was ongoing) and apologized for lying about Ghaleb's accident. Ghaleb claims that he did not tell his attorney about the apology "until after the [t]rial was over." But regardless of when he told his attorney about the supposed apology, this does not change our analysis because Ghaleb himself had access to this information during the trial.

no further investigation was necessary to "substantiate the motion." *Id.* And the motion itself was not legally complex either.

Ghaleb admits that he was aware of the opening argument and the trial testimony in real time—in fact, Ghaleb's counsel briefly attempted to impeach the witness with the inconsistency during the trial. His counsel nevertheless says the filing delay was reasonable because the misconduct was not apparent to him until *after* American Steamship prevailed on appeal, when he reviewed the trial transcripts to see "if there was anything else he could do." But that does not make the delay reasonable. Even if Ghaleb and his attorney did not 'connect the dots' until later, they nevertheless had access to all of these facts during trial. So it was not reasonable to wait more than two years after the original judgment to even begin to look into potential avenues of relief.

Specifically, Ghaleb had opportunity and incentive to file the motion, or at least to investigate it, during the five-and-a-half months that passed between the date of the original judgment in July 2015 and the date the district court granted Ghaleb judgment as a matter of law. Ghaleb has offered no satisfactory explanation for his inaction during this period. If the allegedly changed testimony was so devastating that, as Ghaleb argues, it "came like a thunderbolt at the very end of trial," we can see no reason why Ghaleb could not have included a claim for Rule 60(b)(3) relief on that basis along with the other relief requested in his motion for new trial or judgment as a matter of law. *See Bouret-Echevarría*, 784 F.3d at 44 ("A reasonableness inquiry evaluates whether a movant acted promptly when put on notice of a potential claim."); *Wells Fargo*, 859 F.3d at 300 ("At every critical juncture, Wells Fargo slept on its rights."). As such,

the district court did not abuse its discretion in finding Ghaleb's delay unreasonable under Fed. R. Civ. P. 60(c)(1).[3]

* * *

We AFFIRM.

---

[3] Because unjustified delay is a sufficient basis by itself for finding a Rule 60(b) motion untimely, we need not address Ghaleb's other arguments regarding lack of prejudice to American Steamship from the delay. *See Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) ("If a party is partly to blame for the delay in timely challenging a judgment, . . . for relief to be granted, the party's neglect must be excusable."); *Days Inn*, 445 F.3d at 906 (affirming untimeliness ruling on the basis of inordinate delay alone); *In re G.A.D.*, 340 F.3d at 335 (same).